The Bill sets forth that John Armistead & Robt. Beverley deced jointly purchased 100 A. of Land in Com. Glouc. which was conveied to them by Deed Jan. 17. 1680. for the Cons, of 50£. That Beverly by his Will Aug. 20. 1686. devised his Half part to his Dau’r Catherine in Tail & soon after died After which Armistead became solely possessed of the Premes & died possessed And after his Death John Armistead his eldest Son & *B224 Heir entered & was possessed & died possessed After whose Death his Son & Heir John Armistead entred & died possessed leaving the Deft. John Armistead his Son & Heir an Infant That the s’d Cath. at the Death of Beverley was an Infant & before 21. married John Robinson Esq’r the Pits. Father now living And died in 1726. leaving the Pit. her eldest Son & Heir then an Infant And since the Death of Armistead the Grandson The Defts. Burwell Armistead & Dudley in Right of the Deft. Armistead an Infant have entred into the Premes claiming the whole by Survivorship & refuse to make Partition with the Pit.Praying therefore that the Defts. may answer the Premes And the Pit. be relieved according to Equity.
The Defts. demur & answer and assign two Causes of Demurrer 1. That the Pit. seeking to be relieved ag’t a Right of Survivor-ship accrued by the Course of the Common Law to the Defts. great [209] Grandfather so long ago as 1686 There is not sufficient Matter of Equity in the Bill to entitle the Pit. to such Relief Especially at this Distance of Time 2. That the Pit. hath no good Title for that Beverley being jointly seised with Armistead could not by Law devise but such Devise is void both in Law & Equity
For Answer say they are Strangers to most of the Matters in Bill But believe there was such Conveiance to Beverley & Armistead the Deed being in one of their Custody Have heard it was agreed between them that the longest Liver sho’d have the whole And that Armistead the great Grandfather gave the Pits. Mother a Slave which she declared she thought the full Value of any Right she might have to the said Land and therefore would never sue for it or suffer her Husband to do so Submit whether a quiet Possession of 50 Years under a legal Title ought to be now impeached upon the Pretence in Bill
I am now to speak to the Demurrer. It is granted by the bringing of this Bill that Armistead & Beverley by the Purchase & conveiance to them were Joint-tenants It is not pretended that one paid more of the Purchase Mony than the other Or that there was any Agreem’t that Survivorship should not take Place Or any other equitable Circumstance to differ this from the common Case of Joint-tenancys The Question then upon the first Cause of Demurrer is whether Equity will relieve ag’t the Right of Survivorship between 2 joint Purchasors paying equally for the Purchase Or in other Words whether Equity *B225 shall controul & overturn the most ancient & established Rules oi Law For
I take this Jus accrescendi or Right of Survivorship between Joint ten’ts to be of as great Antiquity as any thing in our Law It is not the Subject of any written Law now extant but is a Part of the Lex non scripta vulgarly called the Common Law It was introduced as 1 presume with the Feudal Law And had its Origin probably from this To prevent the dividing & multiplying of Tenures. See 1. Sal. 392. But this is only my own Conjecture For I confess I am not Lawyer enough to know whether this Jus accrescendi is a Part of the feudal Law or obtains in Lombardy & those other Countries where that Law is received It is certainly unknown in the Civil or Roman Law in the Sense we speak of There is indeed a Jus accrescendi a Right of Accretion by that Law But then it is in Cases of a different Nature i.e. of Succession & Legacies where there are 2 Heirs or Legatees & one refuses or becomes incapable to take his Share the other has the whole Jure accescendi 2. Dom. 85.
But however this Law was first introduced Or whatever was the Reason or Policy of its first Institution It is without Doubt very ancient among us as appears by Littleton & Sr. Edward Cokes [210] Commentary and from Bracton Lib. 4. 262. b. And obtains as well between Joint ten’ts of Lands as of Chattels real & personal Except between Joint Merchants or Partners 1. Inst. 181. a. 181. b. And I take it to be clear that this Survivorship takes Place in Equity as well as at Law Except there be an Agreem’t to the contrary or some other Circumstance Upon which Equity may construe or presume a Trust in the surviving Party for the Benefit of the deceased
In the Case of joint Purchasors I take this Difference Where two purchase jointly & pay the Cons, equally Unless there is some Agreem’t to manifest their Intention that Survivorship shall not take place it shall be taken that they agreed to run the Chance & Hazard of Survivorship which is equal to both And so it may be compared to a Wager And then there is no more Injustice or Hardship with Respect to natural Justice that the Survivor should have the whole than that the Winner of a Wager should insist on the Money won But where one Purchasor pays more than the other or in Case of a Lease lays out more in Repairs there it cannot be supposed that they agree to run the Risque of Survivorship because of the Inequality and because *B226 by that Means he that is at little or no Expense might run away with the whole which being unequitable, a Court of Equity will relieve ag’t Surviorship by constructing a Trust in the surviving Party and so preserve the respective Interests of either Party in Proportion to the Mony advanced See Ch. Ca. Abr. 290. c. 3.
And this appears from the foil. Cases
200;£. was devised by Will to be laid out in Lands & settled to the Use of A. & the Heirs of her Body Rem’r to the Children of B. Before the Money was laid out A. died without Issue the Trustees afterwards purchased & settled the Lands on the Children of B. jointly in Fee according to the Will One of the Children died And adjudged the Survivor should have the whole 3 ch. Rep. 214. Sanders versus Ballard Carth. 15. s. c. This Case is likewise reported 2. Vern. 46. contrary viz. that the Survivor should not have the whole But the Report there is very short & without any Reason whereas the other Books assign the Reasons of the Decree & are much fuller And therefore more probable to be right And in these last there is a Difference taken in Case the Money had not been laid out Nothing of which appears in Vernon and this I take to be a Case in Point
The Pits. Husband & the Deft. & their Ancestors had long enjoyed a Church Lease in Moieties & had often [211] renewed under an Agreem’t to take no Advantage of Survivorship Upon the last Renewal there was no express Agreem’t to bar Survivorship. The Pits. Husband being sick by Deed assigned his Moiety to his Wife and also devised it to her by Will Yet Decreed the Pit. should not be relieved ag’t the Survivorship And that the Grant & Devise are both void 2. Vern. 385. Moyse ag’t Gyles This may appear a hard Case since there was Room for Equity to presume the last Lease was renewed under the same Agreem’t as the former or to make good the defective Conveiance to the Wife But the Grant & Devise being void in Law And no Agreem’t appearing to the contrary the Common Law was suffered to take its Course and Equity would not relieve ag’t it
A Lease for Lives was made In trust for two One dies Decreed the Surv’r shall have the whole For the Trust must go as the Term at Law would have done And as Survivorship would have taken Place at Law So it must in Equity Pas. 1706. Aston Seal. versus Smallman & al. 2 Vern. 556. Here in the Case of a Trust which is properly under the Direction of Equity The Court *B227 would not interpose or hinder the Course of the Common Law
These I take to be very strong Cases I shall now read another a very recent one where you will have the Opinion of the present Master of the Rolls. Lake & Gibson Ch. Ca. abr. 290. c. 3.
For further Authority See 1. Vern. 33. 217. 360.
These Cases do I think very fully make out the Rule I laid down & the Difference I have taken viz that Survivorship takes Place in Equity as well as at Law Unless there be an Agrem’t to the contrary or some other circumstance to induce a Presumption of a Trust Nothing of which appears in this Case Not the least equitable Circumstance whatever And I will be bold to say that in in a Case of this Nature there is no Instance to be given that a Court of Equity did relieve ag’t Survivorship It would indeed be setting up such a Power in the Chancery to controul & overturn the Common Law as must render Right & Property very precarious Instead of being determined by fixed & settled Rules & Principles Law & Right must depend upon arbitrary Decisions which are ever fluctuating & contradicting one another This is I believe a Case of the first Impression And if the Pit. succeeds in overturning this ancient Rule of Law I shall expect next to have a Bill brought by the younger Children ag’t the Heir to have the Inheritance divided Since I am sure in the Reason of Things & according to natural Justice there is as little I may say less Reason that the eldest Son should run away with [212] the whole Estate & the younger Children be left to starve than that of 2 Joint ten’ts the Survivor should take the whole
I shall say nothing here of our long Possession Nor enter into the Dispute how far the Act of Limitation may bar in this Case. Conceiving it to be very clear upon what has been sayed that Equity ought not to relieve in this Case For the same Reason I shall be very short in speaking to the
2. Cause of Demurrer which is that the Pit. has no good Title admitting Survivorship does not take Place His Title is under the Will of Beverley who being jointly seised with Armistead could not Devise but such Devise is void both in Law & Equity
There is no Rule of Law more universally known than that a Joint ten’t cannot devise But to demonstrate It is to be considered that Lands were not deviseable at the Common Law Except in particular Places by Custom The Stats, of 32. & 34. *B228 H. 8. 5. give Men a Power to devise their Lands and by the express Words of this last Act they must be sole seised So was the Common Law before the Statute where Lands were deviseable by Custom a Joint ten’t could not devise Lit. S. 289. 1. Inst.185. So the Statute was made in Conformity to the Comon Law This Devise is therefore void And so it was adjudged in the Case of Moyse & Gyles supra The Pit then has no Title If any one has It is Beverley's Heir who at least should have been made a Party to this Suit
Needier for the Pit.
Survivorship has no Foundation in natural Justice The Reason why it takes Place at Law is from an implied Consent but that is not sufficient in Equity Besides here the Implication is destroied by Beverley’s Will which shews it was not his Intention Survivorship should take Place
Suppose a Man sho’d lay out his whole Fortune in a Purchase with another jointly & die Would it not be a most cruel Determination to send his Posterity a begging & let the Survivor run away with the whole In the Case of Grants from the Crown to two jointly It has been often adjudged in this Court that the Survivor should not have the whole Land. (2). Regularly Survivorship never takes Place in Equity bút in Case of a Gift to two jointly In Case of a Purchase Equity always construes it a Trust in the Survivor The Cases cited for the Deft, are chiefly of Terms which are inconsiderable Besides Precedents are of little Weight in Equity where every Case must stand upon its own Bottom That if it was a Trust in the Survivor The Devise by Beverly was a good Appointment in Equity An equitable Interest is devisable As where one has agreed for [213] the Purchase of Lands & dies before Conveiance he may devise the Lands
He cited Petit & Steward 1. Ch. Rep. 57. Jefferys & Small 1. Vern. 217. & Usher & Ayleworth 1 Vern. 360. But note the first is a case of Money lent on a Mortgage and one advanced more than the other The second is the Case of a joint Stock in a Farm And even there it is sayed if a Lease of the Farm had been taken the Interest-would survive And the third is the Case of a Building Lease where one advanced more in building than the other So that they all fall within my Distinction supra In this last Case Relief was denied because of a Purchase & Length of Time quod nota
April 1737. Demurrer allowedby the Opinion of the whole Court